IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTHUR M. DANSBURY, et al., :
:
    Plaintiffs, :
v. : 3:12-CV-00391
: (JUDGE MARIANI)
EOG RESOURCES, INC., :
:
    Defendant. :

## MEMORANDUM OPINION

### I. Introduction

Presently before the Court is a Motion to Dismiss the Plaintiffs' Third Amended Complaint (Doc. 52). For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

### II. Procedural History

Plaintiff has filed four Complaints in this case. (*See* Docs. 1; 9; 35; 46.) Only the third Complaint (i.e., the Second Amended Complaint) has been the subject of a judicial ruling, where the Court, in a lengthy and complicated Opinion, granted in part and denied in part Defendant's Motion to Dismiss. (*See generally* Mem. Op., June 13, 2014, Doc. 44.) The Court's accompanying Order dismissed some parts of the Complaint with prejudice, dismissed other parts with leave to amend, and specified that all other parts would be "allowed to proceed." (*See generally* Order, June 13, 2014, Doc. 45.) No party ever moved for the Court to reconsider its Opinion or Order and, indeed, Plaintiffs duly filed a

Third Amended Complaint. (See Doc. 46.) Defendant then filed the instant Motion to Dismiss, which argued that:

1. Count II of the Third Amended Complaint for slander of title should be dismissed because the first two alleged slanderous publications were not false at the time they were published and the third alleged slanderous publication is barred by the statute of limitations. . . .
3. The claim for attorneys' fees in Counts III [and] IV . . . of the Third Amended Complaint should be dismissed because the Third Amended Complaint does not allege any basis for the recovery of attorneys' fees.
4. The claim for punitive damages in Count III of the Third Amended Complaint for breach of contract should be dismissed because punitive damages are not recoverable in a breach of contract claim.

(Mot. to Dismiss, Doc. 52, at ¶¶ 1, 3-4.)[1]

## III. Analysis

The Court need not address the sufficiency of Plaintiffs allegations under the traditional Rule 12(b)(6) Motion to Dismiss standard, because a review of the Court's last Opinion and Order indicates that these issues have already been ruled on for 12(b)(6) purposes. As such, to the extent that the Defendant seeks to relitigate the sufficiency of Plaintiffs' pleadings, it runs afoul of the law of the case doctrine. "The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *PIRG of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). It embodies the general rule that

---

[1] Defendant also challenged Count VI of the Third Amended Complaint, for tortious interference with contractual relations. (Doc. 52 at ¶¶ 2-3.) Plaintiffs, however, voluntarily withdrew this claim. (See Pls.' Br. in Resp. to Mot. to Dismiss, Doc. 56, at 2.) This Opinion will only address that issues that were not withdrawn.

2

> [a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 2178, 100 L. Ed. 2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8, 103 S. Ct. 1382, 1391 n.8, 75 L. Ed. 2d 318 (1983)).[2]

In the Court's Order granting in part and denying in part the Motion to Dismiss the Second Amended Complaint, the Court made specific rulings on Counts II, III, and V. (*See* Doc. 45 at ¶ 1(a)-(c).) It then added, "Any other aspect of Plaintiffs' Second Amended Complaint not specifically enumerated in this Order is **ALLOWED TO PROCEED**." (*Id.* at ¶ 1(d).) The claims for attorneys' fees and punitive damages in Counts III and IV are identical in both the Second and Third Amended Complaints. (*Compare* Doc. 35 at 30, 31 *with* Doc. 46 at 32, 33-34.) Because the Court did not dismiss them from the Second Amended Complaint, then, from the clear meaning of the Court's Order, they were allowed to proceed. Any attempt to attack them later under Rule 12(b)(6) is therefore an attempt to relitigate this Court's decision that all remaining aspects of the Second Amended Complaint were allowed to proceed past the motion to dismiss stage.

---

[2] Defendant is correct to note that Federal Rule 12(g)(2) does not bar the instant Motion because "EOG has not filed a prior motion to dismiss the Third Amended Complaint. Rather, EOG filed a motion to dismiss the Second Amended Complaint, but the Third Amended Complaint supersedes the prior Complaints." (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss, Doc. 58, at 2.) Nonetheless, the law of case doctrine still applies, because, in order to advance the present Motion to Dismiss, the Defendant is forced to assert arguments that stand in direct contradiction to the Court's Order resolving the previous Motion, notwithstanding the fact that the Motions themselves concern different Complaints.

The same reasoning applies to Count II, for slander of title. The slander of title claim in the Third Amended Complaint is nearly identical to that in the Second Amended Complaint in most substantive respects. Thus, to the extent that Count II is substantively the same as before, it is allowed to proceed past a Rule 12(b)(6) Motion under paragraph 1(d) of the Court's June 13 Order.

Defendant correctly notes, however, that a few substantive differences do exist. (*See* Doc. 58 at 7-8.) That is, Plaintiffs expand the slander of title claim to include Defendant's actions in recording "the original Unit Designation and the First Revised Unit Designation" and not solely its actions in recording the Second Revised Unit Designation, as alleged in the Second Amended Complaint. (*Compare* Doc. 35 at ¶¶ 101-04 *with* Doc. 46 at ¶¶ 118-24.) Thus, the slander of title claim now includes allegations with regard to all three unit designations, instead of just one.

The parties cannot reasonably read the Court's Order as allowing these additions. That Order held as follows:

> The Slander of Title claim (Count II) is:
> i. **DISMISSED WITH LEAVE TO AMEND** as it refers to the letter of June 21, 2011; and
> ii. **ALLOWED TO PROCEED** as it refers to Defendant's filing of the unit designations with the Recorder of Deeds.

(Doc. 45 at ¶ 1(a).) While the Order referred broadly to "unit designations," the underlying slander of title claim that it addressed only involved the Second Revised Unit Designation, (*see* Doc. 35 at ¶¶ 85-105), as the Second Revised Unit Designation was the only

4

designation discussed in the Court's Opinion on slander of title, (see Doc. 44 at 10-12.) All the Court's Order did was to allow the slander of title claim then alleged under the Second Amended Complaint "to proceed." It did not authorize amendments related to other unit designations. Thus, the references in the Third Amended Complaint to the original and First Revised Unit Designations were unsanctioned by this Court's Order and must be stricken.

The Court is aware that, as Defendant argues, its disposition of the instant Motion will not necessarily promote the speedy resolution of this case, given that the Defendant can simply file an answer followed by a motion for judgment on the pleadings. But, even if other avenues for relief exist which, if pursued, could delay the case further, the fact remains that this Court has already made its decision under Rule 12(b)(6) on the issues that both parties raise here. Though the Court could have refrained from only picking portions of the Second Amended Complaint to dismiss and ordering that all other parts proceed unaltered, it believed that the course it actually chose would most effectively limit the range of issues to be litigated on the Third Amended Complaint, and therefore would put this case in a better posture for resolution than it would otherwise be. This decision was not clearly erroneous or manifestly unjust, and was indeed a reasonable means of advancing the case to which no party has objected.

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss the Third Amended Complaint is **DENIED**. A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge